[937 NYS2d 918]

In the Matter of BILLIE D. HOLLIDAY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 10, 2012

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Billie D. Holliday*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 27, 1985, and maintains an office for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from his failure to pay personal income tax and to file personal income tax returns for a 16-year period. Respondent filed an answer admitting the material allegations of the petition and thereafter appeared before this Court and submitted matters in mitigation.

Respondent admitted that, from 1994 through 2009, he failed to file state and federal tax returns and failed to pay the related taxes. He further admitted that, as of the date of the petition, he had failed to pay any of the outstanding tax liabilities.

We conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, respondent's submissions in mitigation, including that he has now filed all state and federal tax returns and is in the process of arranging with the state and federal tax authorities for the payment of the outstanding taxes. Additionally, we have considered respondent's submission that he suffered from various health problems and financial difficulties during the relevant time period, which contributed to his failure to file the tax returns and to pay the related taxes. Finally, we have considered respondent's expression of remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

CENTRA, J.P., PERADOTTO, LINDLEY and MARTOCHE, JJ., concur.

Order of censure entered.